UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

JIMMY MOORE,

    Plaintiff,

v.

HIGHLAND PACKAGING SOLUTIONS, LLC
F/K/A HIGHLAND PACKAGING SOLUTIONS, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, JIMMY MOORE ("Mr. Moore" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

### PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Polk County, Florida.

4. Plaintiff worked for Defendant in Hillsborough County, Florida, and the venue, therefore, for this case is the Tampa Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Mr. Moore worked for Defendant as an Electrician from February 4, 2016, until his unlawful termination on May 31, 2017.

8. Throughout his employment, Mr. Moore was an exceptional employee, with no significant history of attendance, performance, or other disciplinary issues.

9. Unfortunately, on March 3, 2017, while working the night shift, Mr. Moore blacked out.

10. Upon going to the emergency room, he was told that he required a pacemaker implant.

11. Mr. Moore's heart condition is a "serious health condition" under the FMLA. *See* 29 CFR §825.113.

12. Mr. Moore was placed on FMLA protected leave to undergo his surgery, and recover from same, with a scheduled return date of the first week of June 2017.

13. Shortly before his scheduled return from FMLA leave, Mr. Moore received correspondence from Defendant dated May 9, 2017, stating that he was being terminated from employment, effective immediately upon the expiration of the remainder of his FMLA protected leave.

14. Defendant's actions are the exact type of unfair and retaliatory employment practices the FMLA was intended to prevent.

15. Mr. Moore was terminated in retaliation to his need for FMLA protected leave.

16. It is clear that Mr. Moore's termination was in retaliation to his FMLA-protected time off and any other reason given for his termination is mere pretext.

17. Mr. Moore was terminated while on FMLA-protected leave.

18. Terminating an employee while out on FMLA leave is the very definition of interference with his rights under the FMLA. *See* 29 C.F.R. §825.220(a)(2).

19. Mr. Moore's medical leave, which stemmed from his medical conditions, are protected under the FMLA, and any absences due to his "serious health condition" are certainly protected under the FMLA. *See* 29 CFR §825.113.

20. Defendant's termination of Mr. Moore stemmed from its discriminatory animus toward his need for and/or use of FMLA leave.

21. The timing of his termination makes the causal connection between his FMLA request and the final adverse action sufficiently clear.

22. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

23. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

24. Also as a result of the foregoing, Defendant retaliated against Plaintiff for attempting to utilize and/or utilizing what he believed to be proper and authorized FMLA leave.

25. Defendant acted with intent to terminate Plaintiff when he should have been, and was, FMLA covered.

26. Defendant fired Plaintiff because of his need for FMLA protected time away from work.

27. Defendant interfered with Plaintiff for his attempt to use and/or use of FMLA.

28. Defendant purposefully and intentionally retaliated against Plaintiff for his attempt to use and/or use of FMLA.

29. Defendant did not have a good faith basis for its actions.

## UNLAWFUL INTERFERENCE UNDER THE FMLA

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-14, 17-21, 23, 26-27, and 29, above.

31. At all times relevant hereto, Plaintiff was protected by the FMLA.

32. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise his FMLA rights.

33. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

34. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

35. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## UNLAWFUL RETALIATION UNDER THE FMLA

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-17, 19-22, 24-26, and 28-29, above.

37. At all times relevant hereto, Plaintiff was protected by the FMLA.

38. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his attempted use and/or use of what should have been, FMLA protected leave.

39. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

40. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

41. As a result of Defendant's intentional, willful and unlawful acts by interfering with, and retaliating against, Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

42. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 22nd day of May, 2019.

Respectfully Submitted,

*/s Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard D. Guadagnolo
Florida Bar No. 0109104
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
E-mail: rich@floridaovertimelawyer.com

*Attorneys for Plaintiff*